CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 31 2017

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SMART WEARABLE TECHNOLOGIES INC., )
                                          )
       Plaintiff,                  )      Civil Action No. 3:16CV00049
                                          )
v.                                       )      **MEMORANDUM OPINION**
                                          )
TOMTOM, INC.,                  )      By: Hon. Glen E. Conrad
                                          )      United States District Judge
       Defendant.             )

On July 13, 2016, Smart Wearable Technologies Inc. ("Smart Wearable") filed this action for patent infringement against TomTom, Inc. ("TomTom"). Based on the United States Supreme Court's recent decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), TomTom has moved to transfer venue. TomTom argues that venue is improper, since it is not incorporated in the Commonwealth of Virginia and has no regular and established place of business in this district. See 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement has a regular and established place of business."); TC Heartland, 137 S. Ct. at 1517 (holding that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute").

In response to the motion, Smart Wearable acknowledges that venue is improper in this district. Smart Wearable argues, however, that TomTom waived the defense of improper venue by not challenging venue in a motion previously filed under Rule 12(c) of the Federal Rules of Civil Procedure or asserting improper venue as an affirmative defense in the defendant's answer.[1] In

---

[1] The court notes that while TomTom did not include improper venue in its list of affirmative defenses, it expressly denied Smart Wearable's allegation that venue is proper in this district. See Answer ¶ 4, ECF No. 12.

reply, TomTom argues that the defense of improper venue was not available until the Supreme Court decided TC Heartland, and thus that the defense was not waived.

For the reasons stated in the memorandum opinion issued on August 29, 2017 in the related case of Smart Wearable Technologies Inc. v. Fitbit, Inc., the court agrees with TomTom that TC Heartland significantly changed the law of venue in actions for patent infringement. See Fitbit, No. 3:16CV00077, 2017 U.S. Dist. LEXIS 138969 (W.D. Va. Aug. 29, 2017) (Conrad, J.). For the first time in nearly three decades, a defendant can successfully argue that venue is improper in a district where it is subject to personal jurisdiction but is not incorporated and has no regular and established place of business. This precise argument was previously foreclosed by controlling precedent. See In re TC Heartland LLC, 821 F.3d 1338, 1345 (Fed. Cir. 2016), rev'd, 137 S. Ct. 1514 (2017) (reaffirming VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990), in which the United States Court of Appeals for the Federal Circuit held that, in actions for patent infringement, venue is proper in any judicial district in which a corporate defendant is subject to personal jurisdiction). Thus, as a practical matter, the legal basis for TomTom's motion was unavailable until the Supreme Court decided TC Heartland. TomTom therefore did not waive the venue challenge by failing to assert improper venue as an affirmative defense in its answer or as a basis for judgment on the pleadings under Rule 12(c). See Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (explaining that an exception to waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available"); Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135-36 (2d Cir. 2014) (holding that a defendant cannot be deemed to have waived a defense that would have been directly contrary to then-existing circuit precedent).

Moreover, even if the court were to accept the plaintiff's argument that the defense of improper venue was technically available to TomTom, the court's decision on the issue of waiver

2

would remain the same. Based on the particular facts and circumstances of this case, the court finds that TomTom did not act unreasonably in failing to raise the issue earlier and that granting the motion to transfer will not unduly prejudice the plaintiff. As was true in Fitbit, this case is still in the relatively early stages of litigation. The Markman[2] hearing is three months away and the trial is not scheduled to begin until October of 2018. Moreover, there is no indication of any intentional delay on the part of TomTom in seeking to transfer venue. TomTom expressly denied the venue allegation in its answer to the complaint and then filed the instant motion less than twelve weeks after TC Heartland was decided. Under these circumstances, the court finds that TomTom has not waived the defense of improper venue.

Because it is undisputed that TomTom is not incorporated in Virginia and does not maintain a regular and established place of business in this district, venue is improper. See 28 U.S.C. § 1400(b); TC Heartland, 137 S. Ct. at 1517. The court finds that the interest of justice would be served by transferring the case to a district in which it could have been brought initially. See 28 U.S.C. § 1406(a). Specifically, the court will transfer the case to the District of Massachusetts, where TomTom is incorporated and has its principal place of business.

## Conclusion

For the reasons stated, the court will grant TomTom's motion to transfer venue. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 31st day of August, 2017.

*/s/ Glen Conrad*
United States District Judge

---

[2] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).

3